# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EDWARD BERGER and ERICA
PATRIQUIN, individually and d/b/a
Cider Ash Golden Retrievers,

       Plaintiffs/Counter-Defendants,

v.

ELANA FREMERMAN d/b/a Elana
James and Hot Club Productions, LLC,
d/b/a Hot Club of Cowtown,

       Defendant/Counter-Plaintiff.

Case No. 25-11465
Hon. Denise Page Hood

_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [ECF NO. 4] AND
## DENYING AS MOOT PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE [ECF NO. 5]

### I.    INTRODUCTION

Before the Court are two motions filed by Plaintiffs: Plaintiffs' Motion to
Remand [ECF No. 4] and Plaintiffs' Motion for Order to Show Cause [ECF No. 5].
The motions are fully briefed, and a hearing is set for Wednesday, July 9, 2025. For
the reasons stated herein, Plaintiffs' motion to Remand is GRANTED.

## II.    BACKGROUND

This dispute arises out of the aftermath of the death of Defendant's mother, Susan Hammerton. Ms. Hammerton was killed on September 13, 2024, during a home invasion wherein, Plaintiff Edward Berger and a family pet, Isabelle, were also seriously injured. [ECF No. 1, PageID.9]. Prior to the attack, Berger and Hammerton had been in a committed relationship for fourteen years and lived together in Ann Arbor, Michigan. *Id*. The couple adopted Isabelle, a golden retriever, through Plaintiff Erica Patriquin, on August 16, 2015. *Id*. After Ms. Hammerton's passing, Ms. Hammerton's daughter and Defendant, Elana Fremerman, traveled to Michigan on many occasions to attend to her mother's affairs and settle her estate. *Id*. Fremerman eventually demanded possession of Isabelle. *Id*. When Berger failed to oblige Fremerman's demand, Fremerman began taking steps to establish ownership of Isabelle. *Id*. at PageID.10. During a routine visit from Fremerman to spend time with Isabelle, Fremerman took Isabelle back to Austin, Texas, where Fremerman resides. *Id*.

Berger and Patriquin brought suit against Fremerman in Washtenaw County Circuit Court, alleging nine counts of wrongdoing: Count I – Trespass to Chattels, Counts II-III – Statutory and Common Law Conversion: MCL 600.2919a, Count IV – Intentional Infliction of Emotional Distress (on behalf of Berger), Count V – Negligent Infliction of Emotional Distress (on behalf of Berger), Count VI -

Fraudulent Misrepresentation (on behalf of Berger), Count VII – Silent Fraud (on behalf of Berger), Count VIII – Tortious Interference with Contract, and Count IX – Declaratory Judgment (on behalf of Patriquin). Fremerman filed a notice of removal from the Washtenaw Circuit Court to the Eastern District of Michigan on May 18, 2025, based on diversity jurisdiction alleging that Plaintiffs seek to recover more than $75,000 in damages. [ECF No. 1, PageID.3]. The parties do not dispute that diversity of citizenship exists sufficient to satisfy the requirements of 28 U.S.C. 1332, however, Plaintiffs argue that the Court lacks subject matter jurisdiction because Fremerman has failed to show that the amount in controversy exceeds $75,000, or that the Michigan state probate courts have exclusive jurisdiction over this suit. Plaintiffs argue that Fremerman has removed this case in bad faith to delay the adjudication of this matter. [ECF No. 4].

## III.   LAW AND ANALYSIS

28 U.S.C. 1332 drapes the district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states. 28 U.S.C. 1332(a)(1). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. 1441(a). "A defendant

desiring to remove a case has the burden of proving the diversity jurisdiction requirements." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993), abrogated by *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010).

"Removal statutes are to be strictly construed, and all doubts are to be resolved in favor of remand." *Peterson v. Toyota Motor Sales U.S.A., Inc.*, No. 10-12563, 2010 WL 3867068, at *1 (E.D. Mich. Sept. 27, 2010). "Defendant must show by a preponderance of the evidence that the amount in controversy requirement is met." *Id.* "If Plaintiff seeks to recover an unspecified amount that is not obviously greater than or less than the federal amount in controversy requirement, the removing party must provide relevant facts in support of its removal petition." *Id.* Relevant facts include specific information about the plaintiffs' injuries and the size of judgments received by other plaintiffs with similar claims. *Id.* Jurisdiction is determined at the time of removal and defendant's notice of removal must set forth specific facts to establish that federal jurisdiction is appropriate. *Lawson v. Wal-Mart Stores, Inc.*, No. 2:13-CV-12731, 2014 WL 12659913, at *4 (E.D. Mich. July 10, 2014)

At oral argument, Plaintiffs referred the Court for the first time to *Marzolf v. JPMorgan Chase Bank N.A.*, No. 23-11086, 2024 WL 1332003, at *1 (E.D. Mich. Mar. 28, 2024) in support of remand. Upon review, the Court finds that *Marzolf* is distinguishable from the present matter and leans in favor of removal. In *Marzolf*,

4

the plaintiff brought her complaint in the 72nd District of Court of Saint Clair County. *Marzolf*, 2024 WL 1332003, at *1. Relying on *Hodge v. State Farm Mut. Auto. Ins. Co.*, 499 Mich. 211, 213 (2016), the court found that remand was proper because "[t]he Michigan District Courts only have jurisdiction over cases with an amount in controversy *under* $25,000." *Id*. at *2. Further, "the jurisdictional limit of the Michigan District Courts, which is $25,000, also caps any recoverable damages in that court." *Id*. Therefore, even if a jury were to find that a plaintiff's damages were in excess of $25,000, as in *Hodge*, the damages would be reduced to the jurisdictional limit of $25,000. *Id*. The *Marzolf* court held that "her claim is for less than the [federal] jurisdictional limit 'to a legal certainty'" because so long as "her claim remains in [the 72nd District Court of Michigan] the amount in controversy cannot exceed the jurisdictional limit of that court, which is $25,000." *Id*. at *3.

The facts here are distinguishable. Plaintiffs brought suit in the Circuit Court of Washtenaw County. Michigan Circuit Courts limit their adjudication of civil matters to cases where the amount in controversy is *no less than $25,000*. See M.C.L. 600.605 (Circuit Courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court…"). M.C.L. 600.8301 provides Michigan District Courts with exclusive jurisdiction over civil matters when the amount in controversy does not exceed $25,000. Therefore, because Plaintiffs filed their matter in a

5

Michigan Circuit Court, there remains the possibility that Fremerman may be able to show that Plaintiffs could recover more than $75,000 on the claims presented, with no limitation. In this regard, the ruling in *Marzolf* does not apply to the present case.

*Marzolf* does, however, provide helpful instruction on the appropriate burden in this matter. Fremerman argued for the first time at oral argument that Local Rule 81.1 requires Plaintiffs who move to remand a matter contending that the amount in controversy has not been met, "must include with the motion a signed statement of damages claimed, itemizing all damages by category and amount, or,… an estimate of the maximum amount and a detailed description of the factual basis for the estimate." L.R. 81.1(d).  Fremerman argued that Plaintiffs' failure to do so here is fatal to its motion to remand the matter back to the Michigan Circuit Court.

Plaintiffs argued in response that it is Defendant's burden to first show that removal is appropriate in its notice of removal and that Plaintiffs' only burden is to rebut a presumption of jurisdiction after the removing party has established the amount in controversy with sufficient evidence. See 2024 WL 1332003 at *3. Further, Plaintiffs cited the comment to LR 81.1 which states "[n]othing in LR 81.1 is intended to alter the otherwise applicable burden of proof."

As explained above, "[t]he defendant seeking removal has the burden of proving diversity jurisdiction exists. 2024 WL 1332003 at *1; see also *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2015). "[U]ntil a proper showing of jurisdiction is made, the presumption is against federal jurisdiction over state law claims and against the removing party." *Id*. at *3; *Lawson v. Wal-Mart Stores, Inc.*, No. 2:13-CV-12731, 2014 WL 12659913, at *4 (E.D. Mich. July 10, 2014) (Defendant's notice of removal must set forth facts sufficient to establish that jurisdiction is appropriate). If the Court finds that Fremerman's notice of removal has failed to establish jurisdiction, Plaintiffs are not required to comply with the evidentiary burden in LR 81.1(d).

Looking to Fremerman's notice of removal, the concise document states in conclusory fashion, "[u]pon information and belief, Plaintiffs seek to recover in excess of $75,000 for damages it alleges its sustained period [sic] therefore, without admitting, and expressly denying the validity of Plaintiff's [sic] cause of action, the amount in controversy in this action exceeds the sum of $75,000 exclusive of interest and costs." [ECF No. 1, PageID.3]. Fremerman further states that Plaintiffs seek various forms of relief including an award for the value and equitable use of the dog, monetary compensation for all economic damages, monetary compensation for emotional and physical distress, exemplary damages, punitive damages, and attorneys' fees, costs, and interest. *Id*. These statements are not enough to establish

7

the amount in controversy. See *Garza v. Bettcher Indus., Inc.*, 752 F. Supp. 753, 763-64 (E.D. Mich. 1990).

In support of removal, Fremerman attaches Plaintiffs' complaint which alleges only state law causes of action and makes no mention of a certain sum of damages. *Id*. at PageID.7-29. Attached to Plaintiffs' complaint is the sale contract for Isabelle showing a contract value of $1,500 and signed by both Hammerton and Berger. *Id*. at PageID.34. While the contract sheds light on the purchase price of Isabelle, these documents do not provide the Court with specific information about the plaintiffs' injuries or size of judgments received by other plaintiffs similarly situated to establish by a preponderance that Plaintiffs are likely to recover more than $75,000. *Peterson*, 2010 WL 3867068, at *2 quoting *Garza v. Betcher Indus., Inc.*, 752 F.Supp. 753, 763 (E.D.Mich.1990). While the Court may be able to imagine a scenario where Plaintiffs may recover an amount in excess of $75,000, such creativity cannot lend itself to constitute a preponderance or a legal certainty.

Fremerman argues that an email from Plaintiffs' counsel "is clear that Plaintiffs' multi-count lawsuit is very expansive, not just about dog Isabelle as a trust asset, but more so directed at Defendant personally for a host of non-dog related tort allegations allegedly causing harm to Plaintiff Berger[.]" [ECF No. 10, PageID.424]. The email provided states no specific facts related to the size or value of Plaintiffs' claims which would persuade the Court that the amount in controversy is likely to

8

exceed the statutory threshold. Plaintiffs' counsel merely explains the basis for the intentional infliction of emotional distress claim. [ECF No. 10-6, PageID.548]. The email is not specific enough to tip the scale in favor of removal.

Fremerman further argues that the number of independent causes of action, the nature of the causes of action, the requested relief for treble damages, costs and attorney fees and punitive damages is telling that the amount in controversy exceeds the $75,000 jurisdictional amount. [ECF No. 10, PageID.427-8]. Another conclusory statement which sheds no light on the likelihood that Plaintiffs will recover an amount in excess of $75,000.

All things considered, Fremerman's notice of removal fails to demonstrate that it is more likely than not that Plaintiffs will meet the jurisdictional amount in controversy. Plaintiffs' motion to remand this matter back to Michigan Circuit Court is GRANTED.

Because the Court finds that it lacks jurisdiction over this matter, Plaintiffs' Motion for Order to Show Cause is DENIED AS MOOT.

## IV.    CONCLUSION/ORDER

In light of the foregoing,

IT IS SO ORDERED that Plaintiffs' Motion to Remand [ECF No. 4] is GRANTED;

IT IS FURTHER ORDERED that Plaintiffs' Motion for Order to Show Cause [ECF No. 5] is DENIED AS MOOT.

SO ORDERED.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: July 11, 2025